### DUNOVANT & ELDRIDGE v. F. H. ANDERSON.

Decided December 6, 1900.

**1. Contract for Purchase of Cattle—Performance.**

Where plaintiff contracted with defendant for the purchase of a specific lot of cattle to be afterwards delivered by the latter, a tender of other cattle was not a compliance with the contract, although they were substantially as good as the cattle contracted for, and plaintiff was entitled to a judgment for the amount of an advanced payment made by him under the contract.

**2. Same—Parol Evidence Varying. Written Contract.**

Where the action was for damages for defendant's failure to deliver a specific lot of cattle as described in a written contract of sale thereof, evidence that defendant told plaintiff at the time of the sale that some of the cattle were not in the pasture mentioned in the contract, nor branded as described in that instrument, was properly rejected.

APPEAL from Harris. Tried below before Hon. WILLIAM H. WILSON.

*Ford, Thompson & Townsend,* for appellants.

*Bullitt & Louis,* for appellee.

GARRETT, CHIEF JUSTICE.—On February 21, 1898, the appellants entered into a contract in writing with the appellee by which they sold and agreed to deliver to the appellee on or about May 1st thereafter 200 head of cows "now located in the pasture near Eagle Lake, and further described as being branded as follows, — X — V U, all marks." Calves born after January 1, 1898, were not to be counted. Appellee agreed to

receive the cows on board cars at Eagle Lake and to pay for them at the rate of $17 a head at the time of delivery, except $2 a head which was then paid as part of the price of the cattle, or as a forfeit should the appellee fail to receive and pay for the cows as agreed. At the time the contract was entered into the appellants had, by estimation, 200 cows in a herd of cattle in the "Windmill" pasture near Eagle Lake, which the appellee went among and looked at at the time.

On May 1st the appellants tendered the appellee about 200 head of cows, there being a few heifers in the lot.to make up the number, which, as found by the trial court, "were a lot of cattle substantially as good as the cattle they had agreed to sell, but were not the same bunch of cattle." Appellee refused to receive the cattle, and afterwards brought this suit to recover damages for the failure of appellants to comply with their contract. The trial court held that the sale was of a specific lot of cows, and that the appellee was not required to take the cattle offered. And it appearing that the market value of the cows at the time of the breach of the contract was substantially the same as the agreed price therefor, appellee was awarded judgment for the $400 advance payment as the measure of his damages.

Appellants offered evidence to show that at the time of the sale the appellant Eldridge told appellee that some of the cattle were not in the pasture and were not in the brands named in the contract, and appellee replied that it was immaterial so long as they averaged up. This testimony was objected to as (1) a variance of the written contract, and (2) that there was no other supposed allegations of mistake in the contract, and the evidence did not show mistake. The testimony was admitted, subject to objection, and the case having been tried without a jury, the judge, in arriving at his conclusions, rejected the evidence as a variance of the written contract, and construed the contract as one for the sale and delivery of a specific lot of cattle, and that it was breached by the appellants.

The trial judge was correct in refusing to consider this evidence, and did not err in his construction of the contract. The evidence was not admissible as explanatory of or supplemental to the written contract, but was clearly variant from the undertaking to deliver a specific lot of cattle, as tending to show an agreement that other like cattle would be accepted instead thereof. We have examined the statement of facts and are of the opinion that the finding of the trial court that the cattle placed in the pen by the appellants, though substantially as good, were not the same bunch of cattle they had agreed to sell the appellee, is fully sustained by the evidence. There was no error in the judgment of the court below, and it will be affirmed.

*Affirmed.*